### No. 9184.

### JOHN E. THOMPSON VS. MULLER BROTHERS.

When the evidence in the record satisfies us that the omission of the endorsement on a draft offered in evidence was merely a clerical error, and when the evidence otherwise sufficiently establishes the endorsement, the omission will furnish no ground of reversal.

In proceedings for forced surrender on a petition setting forth all the requirements of Section 1781 R. S., it is not error for the judge to make his order *ex parte* commanding the defendant to file a schedule of his creditors.

If after such order the defendant, by rule or exception, traverses the truth of the allegations of the petition, he must make at least a beginning of proof, in order to throw on plaintiff the burden of establishing his allegations, which, upon the affidavit to the petition are to be taken as *prima facie* true.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J. ———

*John M. Bonner* for Plaintiff and Appellee.

*A. B. Philips and Albert Voorhies* for Defendants and Appellants.

---

The opinion of the Court was delivered by

FENNER, J. Plaintiff sued the defendants and recovered judgment against the firm and the individual members *in solido.*

He subsequently filed a petition conforming in all respects to Article 1781, setting forth his judgment and the amount thereof; that execution had issued and had been returned "no property found," after due demand on the judgment debtors; that he has reason to believe that they have property or assets which may be made available to creditors; and concluding with the prayer that the debtors be ordered to surrender their property to their creditors. The petition was duly verified by affidavit.

Thereupon, as directed by the same article, the judge entered his order directing the debtors to file a schedule of their creditors within

ten days. Defendants then appeared and filed exceptions to the petition, which were overruled as to one of them and sustained as to the other.

The present appeal is three-fold: 1st, from the original judgment; 2d, from the order of the judge directing the filing of schedule of creditors; 3d, from the judgment on the exceptions of defendants. We shall consider these judgments in their order.

## I.

The original suit was brought on thirteen drafts alleged to have been drawn by C. Conrad & Co. to the order of themselves, and by them endorsed on and accepted by the defendant firm.

The drafts were filed with and made part of the petition. They were offered and received in evidence without objection. Full proof is administered that they were acquired by plaintiff, or his assignor, in good faith, for value and before maturity; which facts bar all the special defenses set up in defendants' answer. The endorsements are fully proved, as well as the authority of the attorney in fact by whom they were made, and all the facts above referred to come from the mouths of defendants' own witnesses.

The only possible objection to the judgment arises from the fact that one of the thirteen drafts, as copied in the record, does not exhibit the endorsement of Conrad & Co., to whose order they were payable. It is claimed by plaintiff's counsel that this is a mere clerical omission, discovered by him too late for correction, and he brought before the court the original draft to establish his assertion. This, of course, we could not consider; but the record itself contains sufficient intrinsic evidence to satisfy us that the draft was endorsed and that the omission in the transcript was a purely clerical error. The drafts, as before stated, were all filed with the petition and subject to defendants' view from the outset. They themselves took the testimony of plaintiff, of Carl Conrad and of Julius Conrad, all of whom swear that the drafts were discounted by the Bank of Commerce shortly after their dates, which necessarily implies their endorsement. Defendants made no such point in the lower court; and even in their motion for new trial, suggesting various errors in the judgment, this is not referred to. These facts convince us that the draft was endorsed and that the omission is merely clerical, and defendants' counsel have not ventured a personal assertion to the contrary.

We find no ground for reversing the judgment.

## II.

The objection made to the order on the petition for forced surrender is that it was *ex parte* and could only have been rendered after hearing of defendants.

The law affords no support to the position. After prescribing the terms of the petition, the language is imperative: " The judge *shall* order the debtor to file a schedule of his creditors, etc." As well might it be contended that the judge could not issue his order for an attachment or sequestration without a hearing. The remedy of the debtor, if aggrieved, is the same here as in those cases, viz.: a rule to set aside, on which he may have his hearing.

## III.

The exceptions to the proceeding for forced surrender, so far as urged in this Court, were the one above considered, and the further one that the firm of Muller Brothers had been dissolved and that no demand on the *fi. fa.* was ever made on defendant John Muller, nor on the firm of Muller Brothers.

Defendants contend that under this exception the burden was on plaintiffs to establish the facts on which his proceeding was based. We cannot agree with him. The law makes the affidavit to the petition sufficient *prima facie* basis for the proceeding. The defendant, who seeks, by exception or rule, to attack its verity, must, as in rules to dissolve conservatory writs, give at least some evidence to rebut it.

Offut vs. Edwards, 9 Rob. 90.

Simon vs. Jacobs, 15 Ann. 425.

Hermann vs. Amédée, 30 Ann. 393.

The only evidence taken on the trial of the exceptions, appearing in the transcript, is the testimony of Joseph Muller. He proves the dissolution of the firm, but says not one word in contradiction of the sworn allegation of the petition that the *fi. fa.* "has been returned 'no property found,' after due demand on said judgment debtors."

The mere dissolution of the firm is no bar to the proceeding.

The judgments appealed from are, therefore, affirmed.